[Argued January 15; decided January 29, 1894.]

## NUTT *v.* SOUTHERN PACIFIC CO.

[S. C. 35 Pac. 653.]

1. DUTY OF MASTER TO PROVIDE SAFE AND SUITABLE APPLIANCES FOR THE USE OF SERVANTS.—An employer is not a guarantor that the tools or appliances provided for the use of employes are absolutely safe, or free from all defects; he is only under obligation to use reasonable diligence and care in so providing. *Knahtla* v. *Oregon Short Line Co.* 21 Or. 144, and *Kincaid* v. *Oregon Short Line Co.* 22 Or. 35, approved and followed.

2. IDEM.—It is sufficient if an employer furnishes his employes with reasonably safe and suitable appliances, and he need not furnish appliances of a particular kind.

3. EXPERT TESTIMONY.— The question as to whether the lowering of heavy tiles from a flat-car to the ground by rolling them down skids with a rope placed around them and snubbed to a post or stake was a safe method of unloading the tiles, is not a proper subject of expert testimony, the work not requiring any special skill or knowledge.

4. INJURY TO SERVANT — MISLEADING INSTRUCTION.—In an *action by a sec-*
tion hand against a railroad company for personal injuries, an instruc-
tion that the jury, in assessing damages, might consider, *inter alia,*
plaintiff's "condition and station in life," was misleading, as it might
mean either his physical condition and occupation, or his social and
pecuniary position.

APPEAL from Josephine: H. K. HANNA, Judge.

This is an action brought by Alonzo Nutt against the
Southern Pacific Company to recover damages for per-
sonal injuries alleged to have been sustained by him
through the negligence of the defendant while unloading
some heavy tiling from a flat-car. The trial resulted in
a verdict for the plaintiff, and from the judgment which
followed this appeal is prosecuted.

REVERSED.

*Messrs. Earl C. Bronaugh* and *Wm. D. Fenton* ( *Messrs.*
*Lewis L. McArthur* and *Earl C. Bronaugh, Jr.* on the brief),
for Appellant.

*Mr. Robert G. Smith* ( *Mr. G. W. Colvig* on the brief),
for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

The complaint charges, *inter alia,* that "the defendant
negligently failed to provide the plaintiff with suitable
tools or appliances for carrying on such labor," etc.,
and that, by reason thereof, he was seriously injured.
The evidence tends to show that at the time the plaintiff
was injured he was engaged as a section hand in unload-
ing some heavy pieces of tiling, weighing from fifteen
hundred to eighteen hundred pounds each, from a flat-
car; that the agent of the defendant unloaded such tiling
by means of a small rope, skids, and other appliances;
that a tile was let off the car upon the skids by a rope

fastened under the car, brought up and around the tiling, and back to a stake at the side of the car, around which it was passed, and "snubbed off" in lowering the tile to the ground; that the plaintiff was engaged in the work of "snubbing off" such rope, and that, while so engaged, the stake gave way, and struck him with great force, inflicting the injury complained of. Upon this state of facts, the court charged the jury generally that "it is the master's duty to furnish safe and suitable appliances for his employés, for their safety and protection," etc., and, in applying the law as thus stated, proceeded to say, in substance, that if the jury found that the plaintiff was employed by the defendant as a section laborer, and, at the time specified, was engaged in assisting to unload a car of heavy tiling, and if they found that such tiles "were ponderous and heavy objects, incapable of being handled without the aid of tools and appliances, then, in that case, you are instructed that it was the duty of the defendant to furnish said laborers with suitable and safe appliances and tools to perform said labor, and that it could not delegate that duty to any person, whether a vice-principal or common servant, so as to exonerate the defendant from liability from any defect in the tools or appliances furnished, or for any failure to furnish safe tools and appliances for use in said work." It thus appears that the trial court regarded and treated the duty of the defendant to furnish its employés with safe and suitable tools for the work at which they were engaged as absolute, and that it could not escape liability for any defect in them, whereby an injury resulted, although the company may have exercised due care and prudence in providing tools and appliances reasonably safe for use in such work.

1.   The defendant is not a guarantor that the tools, implements, or other appliances which it provides for the use

of its employés are absolutely safe, or free from all defects. Neither individuals nor corporations are bound to insure the absolute safety of the instrumentalities which they furnish their employés for use in their employment. Their duty is discharged when they exercise reasonable care and diligence in providing their employés with reasonably safe tools and appliances with which to work. While such duty is positive, it does not go to the extent of guaranteeing the safety of such implements, but its proper discharge requires the observance of such care as will not expose the employés to hazards and dangers which might be guarded against by proper diligence. As the employer assumes the duty of exercising due care and diligence to provide the employé with reasonably safe tools and machinery for use in his employment, so the employé, when the employer discharges such duty, assumes the risks and hazards incident to his service in the use of such tools and machinery. The general principles of the law in regard to the employer's liabilitiy for an injury to an employé, growing out of defective tools and appliances, or the selection of incompetent servants, etc., are well settled in this court. In *Kincaid* v. *Oregon Short Line Ry. Co.* 22 Or. 35, 29 Pac. Rep. 3, the court said: "The defendant is not an insurer that its cars and appliances are in a safe condition. The measure of its duty is to exercise reasonable care in this regard, and, *prima facie*, it is presumed to have done so." So in *Knahtla* v. *Oregon Short Line Co.* 21 Or. 144, 27 Pac. Rep. 91, BEAN, J., said: "It is the duty of the master to exercise reasonable care to provide safe and proper appliances for the use of a servant, * * * and for a violation of such duty he is liable in damages for the injury": *Anderson* v. *Bennett*, 16 Or. 515, 8 Am. St. Rep. 311, 19 Pac. Rep. 765; *Hartvig* v. *North Pac. Lumber Co.* 19 Or. 522, 25 Pac. Rep. 358; *Miller* v. *S. Pac. Co.* 20 Or. 285, 26 Pac. Rep. 70; *Willis* v.

*Or. Ry. & Nav. Co.* 11 Or. 262, 4 Pac. Rep. 121.   Within the purview of these decisions, it was the duty of the defendant to use reasonable care and prudence for the safety of its workmen engaged in unloading the heavy tiling from the flat car, by providing reasonably safe and suitable appliances and machinery for use in such work; hence the defendant was not bound absolutely to furnish the plaintiff with safe and suitable machinery and appliances, nor liable for any defect in them, except such as might be guarded against by the exercise of reasonable care and diligence.

2.   Another objection relates to the testimony of certain witnesses who seem to have been called as experts for the purpose of showing that the manner of lowering the tiles from the car with a "snub" rope was not as safe as if a block and tackle had been used.   The question to one of these witnesses was, "Is it generally customary, or has it been your experience, to use a block and tackle to unload heavy material from the railroad cars?"   The object of this question was to ascertain from the witness whether, in his opinion, a block and tackle might not have been a better appliance with which to unload the tiling than such as was provided for that purpose.   An employé is not required to provide machinery or appliances of any particular kind or description in the conduct of his business, provided the machinery and appliances which he furnishes for the use of his employés are reasonably safe and suitable for the purpose.   In such case the inquiry is, not whether better appliances might have been furnished, but whether the defendant is chargeable with negligence in furnishing the machinery and appliances which were used.   "The question," said Mr. Woods, "is not whether the master might have provided better machinery, but whether the machinery employed was suitable and proper for the business, that is,

whether it was a suitable instrumentality for the business": Woods on Master and Servant, 332–334.

3.  Nor do we think the work of lowering the tiles to the ground by rolling them down skids with a rope placed around them, and then wrapped around a post or stake run through the stake pocket and gradually snubbed off, involved any work of special skill or knowledge which required expert evidence. The necessity for opinion evidence only exists where the facts in controversy are incapable of being detailed and described so as to give the jury an intelligible understanding concerning them; but when the facts are such as can be detailed or described, and the jury are able to understand them and draw a correct conclusion from them without such opinion evidence, the necessity for it does not exist. We do not think the work of lowering these tiles involved special skill or knowledge beyond the range of ordinary observation and experience, or that the manner of doing such work, with the appliances in question, when sufficiently described to the jury, could not be made intelligible to them. We think such work belongs to the ordinary affairs of life which men in general are capable of understanding and comprehending, and that in such case the jury are capable of forming an intelligent judgment without the aid of the opinion of others.

4.  The defendant also objects to an instruction in which the court charged the jury that it was for them "to determine from the evidence the amount of damages that plaintiff is entitled to, if any; and in assessing the same, you should take into consideration the nature and extent of his injuries, the results following therefrom, his physical pain and anguish caused thereby, his condition and station in life, and his earning capacity." The objection is that the jury are not allowed, in actions of this character, to take into consideration the plaintiff's " con-

---

Points decided.

---

dition and station in life" in estimating the damages. By these words it is claimed that the jury were authorized to consider, in assessing damages, the wealth or poverty, the rank or station in life, of the plaintiff. It is contended for the plaintiff, in view of the pleadings and the facts, that the plaintiff was employed as a laborer by the defendant and sustained the injury of which he complains in its service; that the word "condition" necessarily refers to his physical condition, as the word "life" does not follow it; and, likewise, that the word "station" relates to his occupation and not to his social or pecuniary position. As it is conceded that the words referred to in the instruction are calculated to mislead the jury, if they are susceptible of the construction claimed by the defendant, and, inasmuch as the case must be remanded for a new trial, these objectionable features may be avoided when the trial court comes to instruct the jury upon the matter of estimating the damages.

REVERSED.

---

[Decided January 29, 1894; rehearing denied.]