DEMARAIS, RESPONDENT, *v.* JOHNSON ET AL., APPELLANTS.

(No. 6,800.)

(Submitted September 12, 1931.   Decided September 25, 1931.)

[3 Pac. (2d) 283.]

*Mr. Louis P. Donovan* and *Mr. Henry McClernan,* for Appellants, submitted a brief; *Mr. McClernan* argued the cause orally.

*Mr. E. K. Cheadle, Jr.,* and *Mr. D. W. Doyle,* for Respondent, submitted a brief; *Mr. Cheadle* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was brought by George H. Demarais, as guardian *ad litem* for Leonard F. Demarais, a minor, to recover damages for personal injuries sustained by the latter. Plaintiff recovered judgment, from which defendants appealed.

The complaint charges that defendants, being engaged in the dairy business at Oilmont, Toole county, on January 13, 1929, had employed plaintiff, Leonard F. Demarais, who was then eighteen years of age, to drive and operate an automobile truck for the purpose of distributing milk; that while so engaged,

on that day, the left rear wheel of the truck broke causing the truck to overturn, resulting in the injuries complained of; that the defendants were negligent in requiring plaintiff to use an unsafe and defective truck; that the spokes on the left rear wheel were loose in the hub and felloes and the hub bolts were worn and loose, which the defendants knew or in the exercise of reasonable care would have known; that prior to January 13 plaintiff informed defendants of the unsafe condition of the truck and requested that it be inspected and repaired, which defendants promised to do; that plaintiff relied upon the promise and at the direction of defendants continued driving the truck.

The answer alleges that if the truck was defective, plaintiff knew it; that at the time of the accident plaintiff was driving at a reckless rate of speed and at a speed in excess of that which defendant warned him not to exceed; that plaintiff had neglected to watch where he was driving, and, as one of the persons who was riding with him warned him that he was driving off the road into the ditch, he turned the truck at a sharp angle away from the ditch causing it to overturn; and that, therefore, plaintiff's own negligence was the cause of the injuries sustained, and that he assumed the risk of injury arising from the defects complained of.

The evidence is conflicting, but, viewed in the light most favorable to plaintiff, it shows that the truck was a 1928 Chevrolet; that on the thirteenth day of January "there was a grind in the rear end." As plaintiff was driving it on the public highway going south at about twenty-five miles per hour and on the right-hand side of the road, there was a crash and the rear end went down. This caused the truck to drag to the left toward the ditch on the left of the road. When the truck turned over, it was crossways in the road, with the front end toward the west. He had told defendant Johnson, on the Thursday before the accident (the accident happening on Sunday), that there was a grind in the rear end. The next day he again called Johnson's attention to it and was told to take it to the garage and have it greased,

This he did, but it did not prevent the grinding sound. That night defendant Johnson tried out the truck and heard the grind. On Saturday morning plaintiff asked him if he was going to get it fixed, and he said "if it keeps up like it is, I guess we will have to get it fixed." Plaintiff said he requested him "to have the automobile tested and repaired." On the morning of the accident he again asked Johnson if he was going to have the truck fixed, and Johnson said, "Go out and deliver milk today and see how it acts today; we might get it fixed."

The plaintiff said he traveled twenty or twenty-five feet after the crash before the car turned over. Wilfred Bacon, who was riding in the truck with plaintiff when it overturned, testified that he heard the crash; that the car swung toward the ditch; that plaintiff turned the wheel and the car tipped over.

There was evidence by plaintiff's witnesses that all but two spokes in the wheel were broken and pulled out of the felloes. The ends of the spokes had been worn slick and shining, which results from rubbing against metal, causing a grinding noise. When the truck was straightened up, it stood on three wheels; the bottom of the left rear wheel was tipped under the axle and the top of the wheel away from the truck. The rim was still left on the wheel and the tire was still on the rim. The bolts in the hub were worn and the hub was loose on the axle.

One witness said that the wooden parts and bolts of the wheel were beyond repair, though defendants' proof showed that the bolts were used in fastening the new wheel on the hub. There was quite a deep track in the middle of the road immediately north of where the car overturned, which then turned left and extended near the east edge of the highway and then turned west again to where the car overturned.

Plaintiff testified that he started working for defendants in August, 1928, and that from that time until the accident defendants never made any inspection of the car for the pur-

pose of ascertaining defects. He admitted, however, on cross-examination, that in November, 1928, the car was taken to a garage and everything was fixed that was known, or pointed out by the mechanic, to be wrong with it.

To prove the specific cause of the collapse of the rear wheel, plaintiff called the witness Royfield G. Klinger, a garageman of thirteen years' experience in the repair of automobiles and who had experience with automobile wheels that collapsed, and propounded to him a hypothetical question based upon the testimony, to elicit his opinion as to what caused the wheel to collapse. Over objection of defendants the witness was permitted to answer, saying: "According to the testimony, in my estimation the testimony that you read, it is my opinion that the wheel collapsed due to a loose wheel. By a loose wheel, I mean a wheel that would be loose on the felloes and the hub. I mean that the spokes in the wheel were loose."

He was then asked: "Now, if the spokes in the wheel were loose, according to your opinion, state whether or not that defect in the wheel could have been discovered by a reasonable inspection of the wheel?" Objection of the defendants being overruled, he answered: "Yes, it could."

He was also asked: "If the bolts in the hub holding the spokes were loose and worn, state whether or not that in your opinion could have been discovered by the making of a reasonable inspection." Over objection he answered that it could.

Defendants contend that the answers in response to these questions were improperly admitted in evidence, and that without these statements, the evidence is insufficient to establish negligence on the part of the defendants.

The general rule is that a witness must state facts, and not opinions or conclusions. An exception to this rule, based upon necessity, exists where the witness possesses special skill or knowledge of the subject matter, and where the facts are such that inexperienced persons are likely to prove incapable of forming a correct judgment without the assistance of the opinion of such witness. (See note in 51 L. R. A. (n. s.) 566.) The exception is contained in our statutes

(subd. 9, sec. 10531, Rev. Codes 1921) and has been recognized by this court in proper cases. Thus, in *Coleman* v. *Perry*, 28 Mont. 1, 72 Pac. 42, 43, two witnesses were permitted to state that in their opinion a mangle or ironing machine was out of repair. It was there contended that, since a description of the machine had been testified to, the jurors were as well qualified to say whether the machine was out of order as the witnesses. The court held that the evidence was properly admitted, saying: "We cannot say, as a matter of law, that the jurors were as competent to pass upon the safety of the appliances used as men who had special knowledge, gained from years of experience in handling such machinery."

Though recognizing the exception, the court refused to apply it in the case of *Metz* v. *City of Butte*, 27 Mont. 506, 71 Pac. 761, 762, and held that it was proper to exclude the opinion of a witness as to whether a sidewalk in the city was reasonably safe for pedestrians. It was there said: "All the facts and circumstances being before them, it was a question for the jury to determine whether or not the step or offset in the sidewalk constituted such a defect that the city, in the exercise of ordinary care and prudence, should have remedied."

In speaking of this question in *Cummings* v. *Reins Copper Co.*, 40 Mont. 599, 107 Pac. 904, 912, this court quoted with approval from *Nutt* v. *Southern Pac. Ry. Co.*, 25 Or. 291, 35 Pac. 653, as follows: "The necessity for opinion evidence only exists where the facts in controversy are incapable of being detailed and described so as to give the jury an intelligible understanding concerning them; but when the facts are such as can be detailed or described, and the jury are able to understand and draw a correct conclusion from them without such opinion evidence, the necessity for it does not exist." Of like import are *Copenhaver* v. *Northern Pac. Ry. Co.*, 42 Mont. 453, 113 Pac. 467, and *In re Miller's Estate*, 71 Mont. 330, 229 Pac. 851.

Applying this test of admissibility to the questions here under consideration, we think the answer to the first question was properly admitted. It was the opinion of the witness as

to the cause of the collapse of the wheel. That was a question concerning which the mass of mankind could not reach as intelligent a conclusion as could one who had experience with the effect of loose spokes in a wheel. But the opinion or conclusion of the witness that the condition of the wheel was such that the defects could have been discovered by reasonable inspection was incompetent and erroneously admitted. The defects in the wheel rendering it unsafe were pointed out to the jury. It would have been competent for the witness to state in what method the defects could be ascertained (*Pacheco* v. *Judson Mfg. Co.*, 113 Cal. 541, 45 Pac. 833), but whether the employment of such a method would have been the exercise of "reasonable inspection" was a question which the jury was as competent to determine as the witness. There is nothing in the record to indicate that the witness had any special skill or knowledge as to what would constitute a "reasonable inspection." The conclusion of a witness can be given only where he has special skill or knowledge of the particular matter under consideration. Assuming, without deciding, that the defendants had sufficient notice or knowledge of a defect in the truck calling for its inspection, it was for the jury to determine whether they should have done more than they did, to meet the requirements of a reasonable inspection, unaided by the conclusion of the witness who revealed no special knowledge as to what a reasonably careful and prudent person would have done in the way of inspecting the truck. The erroneous admission of this evidence necessitates a new trial.

Error is assigned in the giving of Instruction No. 8, in which the jury were told that it was the duty of the defendants to provide the plaintiff with a reasonably safe and secure vehicle with which to do his work. This instruction was erroneous for the reason that the master is chargeable with the duty only of using reasonable care to provide plaintiff with a reasonably safe and secure vehicle. (*Markinovich* v. *Northern Pac. Ry. Co.*, 55 Mont. 139, 174 Pac. 183.) Whether, because of this error, we would feel called upon to

remand the case for a new trial, in view of the fact that another instruction was given which properly stated the duty owing by the employer to the employee, need not here be determined, as the question should not arise upon another trial.

The same may be said of instruction numbered 9, which informed the jury that the defendants "were required to keep the equipment and appliances in a reasonably safe condition," whereas their duty was discharged by using reasonable care to keep the equipment and appliances in a reasonably safe condition.

While the objection to instruction numbered 10 did not point out the ground relied upon here, upon another trial it should be modified to meet the requirements of the rule stated in *Reino* v. *Montana Mineral Land Dev. Co.*, 38 Mont. 291, 99 Pac. 853.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.