No. 12084

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

JOSEPH PACHEK,

Plaintiff and Respondent,

-vs-

NORTON CONCRETE CO., a corporation,

Defendant and Appellant.

---

Appeal from:  District Court of the Eighth Judicial District,
Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Emmons and Baillie, Great Falls, Montana.
Robert J. Emmons argued, Great Falls, Montana.

For Respondent:

Hoyt and Bottomly and Gabriel, Great Falls, Montana.
Richard V. Bottomly argued, Great Falls, Montana.

---

Submitted:  June 15, 1972

Decided:  JUL 2 6 1972

Filed:  JUL 2 6 1972

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a verdict and judgment of the eighth judicial district, county of Cascade, Hon. Truman Bradford, presiding with a jury, in favor of plaintiff Joseph Pachek and against defendant Norton Concrete Company. Defendant appeals from the judgment and denial of its motion for a new trial.

Plaintiff brought the action to recover for personal injuries resulting from a truck and automobile collision.

Joseph Pachek, a man 79 years of age at the time of the accident on November 25, 1969, was returning to Great Falls from a cabin located south of the town of Cascade when he became involved in the accident. He was traveling on a frontage road running parallel to an interstate highway. This road prior to the construction of the interstate, had been the main highway between the cities of Great Falls and Helena. The frontage road has a hard surface some 22 to 24 feet in width with a painted center line. The accident occurred about six and one-half miles south of Cascade where a gravel road leading to Tintinger's Gravel Pit intersects the frontage road. The gravel pit is located some 1,000 feet from the frontage road. Some 76 feet from the frontage road and between the road and gravel pit are railroad tracks which run parallel with the road. A gravel road runs from the gravel pit across the tracks to intersect the frontage road.

On the day of the accident, November 25, 1969, a Norton Concrete Company vehicle driven by Herbert Garman, was hauling a load of gravel from the pit and became involved in the accident with plaintiff. The vehicle was a tractor pulling two trailer units and was sixty feet long, eight feet wide and eight feet high.

On that day three highway employees were putting in a culvert adjacent to the frontage road where it intersected with the road to

the gravel pit. They had cut half of the entrance road in order to put in the culvert and to do this were using a front end loader. The loader was working in the borrow pit and was visible to both Garman and Pachek.

As Garman drove from the gravel pit he stopped at the railroad tracks and shifted into "deep under", the tractor's lowest gear. He testified he looked up and down the frontage road but he did not see the Pachek car. Garman testified that from the stop at the railroad tracks he let the truck roll forward slowly, not putting his foot on the accelerator as he started towards the frontage road. He estimated his speed at from one to five miles per hour. He testified that from the time he left the railroad tracks until he turned onto the frontage road he did not look up or down the frontage road, but rather he was working with mirrors on both sides of the cab in order to see the wheel of the trailers. He was aware of the cut made by the highway crew and was trying to fit his vehicle onto the half of the intersection left by the construction crew.

As he approached the frontage road he did not turn on any turn signals, and without stopping pulled onto the frontage road turning into the approaching car driven by Pachek. The center of Pachek's 1965 Lincoln Continental hit the left front wheel of the tractor, which was on or just over the center line. The left front wheel of Pachek's car came to rest on the yellow line in its lane of traffic.

Pachek testified he was traveling between 35 to 50 miles per hour at the time of the accident. He observed the tractor and trailers about half way between the frontage road and the gravel pit. When the truck was some five feet from the intersection, he thought the truck was going to stop but instead it pulled in front of him and turned into his direction of travel.

As a result of the collision Pachek received severe injuries consisting of a subdural hematoma and back and body injuries. The head injury resulted in impairment of Pachek's memory, loss of speech, dizzy spells and mental confusion. As a result, Pachek physically and mentally deteriorated and his daughter spent months with him, teaching him to speak.

Montana highway patrolman Lewis Hendrickson investigated the accident, arriving at the scene approximately one-half hour after it occurred. He interviewed the two drivers and the three highway employees who were witnesses. On the basis of his observations and the statements given to him, Hendrickson testified that, in his opinion, the cause of the accident was a right-of-way violation.

The jury returned a verdict in favor of plaintiff Pachek and awarded him $20,000. ~~plus special damages of $3,106.65~~.

Defendant Norton Concrete Company raises 23 issues on appeal. Issues 6 through 23 all concern instructions given or refused and they will be considered together.

Issue 1. The court erred in allowing the highway patrolman to state his opinion as to the cause of the accident. We find no merit in this issue. Here, the driver, Garman, had already admitted he was negligent in entering the highway. This is not a case where there is a close question on the issue of violation of the right-of-way, and where an unfounded opinion of an expert might sway the jury one way or another. The patrolman did not testify to the ultimate question of negligence of Garman or that such negligence was the proximate cause of the injuries to Pachek. We find no invasion of the jury's province in allowing this testimony. In re Mickich's Estate, 114 Mont. 258, 136 P.2d 223. This Court has repeatedly held that expert opinion evidence is admissible in explaining the cause of a particular accident. Demarais v. Johnson, 90 Mont. 366, 3 P.2d 283; Lamb v. Page, 153 Mont. 171, 455 P.2d 337.

Issue 2. Pachek was contributorily negligent as a matter

- 4 -

of law and the court erred in denying defendant's motion for a directed verdict. This issue also has no merit for the evidence nullifies it. Here, Garman, the truck driver, testified that sitting up in his cab he had an unobstructed view of the frontage road; that after reaching the tracks he never once looked to see if there was traffic on the frontage road; and that he pulled onto that frontage road without looking. Too, he was aware that vehicular traffic on the frontage road would have the right-of-way but he failed to anticipate such traffic. Under these facts Pachek, who saw the slow moving vehicle coming up to the intersection, had every right and reason to expect it to stop and yield the right-of-way and he received no visual or sound warnings from Garman that he was going to pull directly out onto the road. The trial court properly refused to grant defendant's motion.

Issue 3. Defendant alleges it was error to permit Dr. McGregor to testify as to any brain damage of Pachek when he was not qualified and that such statements by Dr. McGreor were hearsay and incompetent.

Dr. McGregor's testimony indicated that he had been Pachek's physician for some fifteen years; that he treated him as soon as he arrived at the hospital and throughout his period of recovery. Upon Pachek's arrival at the hospital, Dr. McGregor diagnosed the subdural hematoma and called in a neurologist for consultation. The neurologist, Dr. Syrenne, confirmed the diagnosis and operated to relieve the subdural hematoma.

Throughout Pachek's hospitalization Dr. McGregor conferred with Dr. Syrenne; he kept all the hospital records except for the surgery and he examined those for post-operative treatment. He testified he knew the surgical procedures used and by the records knew the size of the hematoma. Dr. McGregor's testimony was properly admitted. This Court recently held in Klaus v. Hillberry, 157 Mont. 277, 286, 485 P.2d 54:

- 5 -

"Medical testimony must of necessity in many instances be based on information acquired from outside sources, examinations by other doctors, nurses notes and observations, X-rays, and other tools of the profession used in making a diagnosis."

We reaffirm this statement and in so holding, find no merit in defendant's issue 3.

Issue 4. The court erred in denying the motion for a new trial in that the damages of $20,000 were excessive; the evidence was insufficient to justify the verdict; and the court erred in denying defendant's motion to alter or amend the judgment.

We find this issue to be without merit. Plaintiff suffered grievous injuries that necessitated surgery and considerable hospitalization. Lengthy post-hospital therapy was necessary to partially return him to some state of existence. In Wilson v. Gehring, 152 Mont. 221, 226, 448 P.2d 678, this Court set down the rule concerning this type of argument:

"It has been our position in reviewing damages based on conflicting evidence, that the amount thereof to be paid for personal injury is peculiarly within the province of the jury, and we will not disturb such finding unless the result is such as to shock the conscience and understanding of the court. Such is not the case here, this judgment has reasonable support in the evidence and it should not be disturbed. (Citing cases)."

Issue 5. The court erred in refusing defendant's proposed instruction based on the doctrine of last clear chance.

We find no error for such an instruction should not be given in a case involving the collision of moving vehicles where the act creating the peril occurs practically simultaneously with the happening of the accident, and where neither party can fairly be said to have had a last clear chance to avoid the accident. Story v. Cox, 130 Cal.App.2d 231, 278 P.2d 720. In addition, it is obvious from the facts that Pachek never knew of his perilous situation so that he could avoid the collision. Here, the doctrine of last clear chance has no applicability.

Issues 6 through 23. Instructions given or refused.

Defendant argues that instructions given in regard to entering a highway from a private road were in error, but also argues the district court erred in refusing to give defendant's proposed instructions on the same issue. We find the instructions given by the district court were proper. Pachek was the driver of the automobile traveling on the frontage road and the driver of the truck entered onto this highway in the face of the oncoming Pachek car. Section 32-2173, R.C.M./1947, states:

> "The driver of a vehicle about to enter or cross a highway from a private road, driveway or public approach ramp shall yield the right of way to all vehicles approaching on said highway." (Emphasis supplied)

Defendant contends the exit onto the frontage road was not a private roadway because it was part of the state right-of-way. Under the statute this would make no difference, because it would be certainly a public approach ramp. As the statute clearly states, it was the duty of the driver of the truck, not Pachek, to yield the right-of-way.

The court's instructions on (1) contributory negligence, (2) duty of the plaintiff to keep a reasonable lookout for possible danger to himself, (3) duty of plaintiff using the public highway to the effect that one who has the right-of-way nevertheless must use ordinary care to avoid causing an accident, and (4) that a violation of the law is of no consequence unless proximately causing the accident, all gave the jury opportunity to determine whether or not Pachek used due care in driving his automobile at the point and time in question.

Defendant objects to the refusal of his instruction which went to the failure to produce stronger evidence when it was available. This was in reference to Dr. Syrenne who operated on the subdural hematoma. Dr. McGregor was the attending and treating physician throughout the entire case. He fully and completely

explained the injury, the damage, the surgical procedures involved, the treatment, and the prognosis. Nothing more was needed.

Defendant alleges error in denying his proposed instructions requiring and binding plaintiff to an absolute duty to exercise his intelligence to discover and avoid dangers that may threaten him. Plaintiff was not under an absolute duty, but only a duty to use reasonable care.

Defendant objects to the refusing of his instructions in regard to the duty of a motorist to discover danger that may threaten him; that he must look and see; and that he cannot ignore an obvious danger and reasonable care. We find no evidence was submitted to substantiate the claim that plaintiff knew he was in danger, nor was evidence introduced to indicate plaintiff did not use reasonable care.

Defendant alleges the district court erred in refusing to give his instruction in regard to the failure of Pachek to sound his horn to warn the truck driver of his approach. The section involved is 32-21-145, R.C.M. 1947, which in pertinent part provides:

> "The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway."

The rule of law on sounding a horn requires that the driver have some reason to believe that safe operation requires the sounding of the horn. Here, plaintiff believed the driver would stop before entering the highway. He had a right to anticipate he would stop by law. If the driver, under these circumstances, has a duty to blow his horn, it would require every driver at every intersect road in the state to blow his horn, believing that the driver approaching the intersection was going to violate the law. It was only after the truck was on the highway that Pachek would have any duty in this

- 8 -

regard and by that time the sudden emergency he faced did not require him to do a useless act. Any instruction in this regard was inapplicable to the factual situation in this case.

Next, defendant argues the district court erred in refusing to give his proposed instruction preemptorily instructing the jury that it must consider (1) negligence, (2) contributory negligence, (3) damages, and (4) proximate cause, in that order. Objection to this proposed instruction was that it takes from the jury its constitutional right to determine which issue it wants to discuss or determine in the manner it decides, and the court does not have the province to instruct the jury in what order it should take up its deliberations. Since the proposed instruction was not mandatory, no error was committed.

Judgment of the district court is affirmed.

_____
Associate Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Associate Justices.

- 9 -