No. 14856

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

ALBERT PLOYHAR and MARGARET PLOYHAR,
husband and wife,

Plaintiffs and Respondents,

vs.

BOARD OF TRUSTEES OF MISSOULA COUNTY
HIGH SCHOOL et al.,

Defendants and Appellants.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellants:

Garlington, Lohn and Robinson, Missoula, Montana

For Respondents:

Morrison Law Firm, Missoula, Montana
Skelton and Knight, Missoula, Montana

---

Submitted on briefs: November 14, 1979

Decided: APR 2 2 1980

Filed: APR 2 2 1980

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The defendant, Board of Trustees of Missoula County High School (hereinafter referred to as Board) appeals the order of the Missoula County District Court, granting the plaintiffs' motion for a new trial. The Board contends that the trial court erroneously concluded that the expert testimony of Arlyn Simms was not necessary and that his testimony prejudiced the plaintiffs' case.

On April 24, 1975, the plaintiffs, Margaret and Albert Ployhar commenced this action to recover damages for the death of their son, Patrick. In September 1972, Patrick enrolled in a heavy equipment operation class at Missoula Technical Center (Tech). On April 30, 1973, students under the supervision of Tech instructors were leveling ground with caterpillar tractors and other heavy equipment used to teach class techniques. At the time the accident occurred, Patrick, then 19 years old, was placing stakes behind a caterpillar being operated by another student. When the caterpillar reversed its direction, Patrick was caught under the cat and crushed. He died as a result of the accident.

The plaintiffs' amended complaint alleged that the Board had negligently caused the decedent's death by failing to furnish the caterpillar with a back up alarm, by directing the decedent to place stakes in a dangerous area, and by permitting the caterpillar to be operated by an inexperienced person without proper supervision. At trial Arlyn Simms, an instructor at Tech, who was supervising some of the students when the accident occurred, testified for the plaintiffs.

During cross examination, counsel asked Simms what in his opinion was the cause of the accident. Simms replied that Pat was at fault. On February 15, 1979, the jury returned a verdict

-2-

for the defendant. The plaintiffs made a motion for a new trial which the trial court granted on March 23, 1979. On April 9, 1979, the Board filed a notice of appeal of the court order for a new trial.

The trial court has broad discretion in granting or refusing to grant a new trial. Its order will not be disturbed on appeal in the absence of a clear showing of a manifest abuse of discretion. See Yerkich v. Opsta (1978), ___ Mont. ____, 577 P.2d 857, 35 St.Rep. 465. This Court is especially reluctant to reverse an order granting a new trial because it gives both parties an equal chance to relitigate their positions in a second trial. Tigh v. College Park Realty Co. (1967), 149 Mont. 358, 427 P.2d 57. An order granting a new trial will be upheld if it can be sustained on any of the grounds contained in the order. Tigh, supra.

Here, the trial court concluded the plaintiff was entitled to a new trial because Arlyn Simms' testimony was not necessary to reconstruct the accident and he was a participant in the events surrounding the accident. We conclude there was no abuse of discretion in finding Simms' testimony was not necessary, and thus, will discuss here only the former point contained in the court order.

Simms gave his opinion as to the proximate cause of the accident. Opinion evidence concerning the cause of an accident is admissible only if the subject matter is beyond the ordinary understanding of the jury. See Ziegler v. Crofoot (1973), 213 Kan. 480, 516 P.2d 954. The cause of the accident must be sufficiently complex to require explanation. See McGuire v. Nelson (1975), 167 Mont. 188, 536 P.2d 768; Massoni v. State Highway Commission (1974), 214 Kan. 844, 522 P.2d 973, 979. See also Dobkowski v. Lowe's, Inc. (Ill. C.A. 1974), 20 Ill.App.3d 275, 314 N.E.2d 623. Here, there was no need for such testimony. The accident was relatively simple. It

-3-

involved a single tractor, and the actions of only two individuals, the driver of the tractor and the accident victim. At trial, an eyewitness gave his description of the accident, and other witnesses testified concerning the actions of the tractor driver and the decedent. This evidence appears to be sufficient to allow the jury to make an independent judgment as to the ultimate cause of the accident. Thus, we conclude there was no abuse of discretion in determining that opinion testimony was not needed here.

The Board contends that Simms' testimony was not prejudicial to the plaintiffs' case. However, the extent to which the deceased's own actions caused the accident was obviously a crucial part of the Board's defense. No other witnesses gave their opinion as to the cause of the accident. These circumstances support the trial court's conclusion that Simms' testimony was manifestly prejudicial to the plaintiff's case.

Accordingly, the order for a new trial is affirmed.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____
                    Justices

Mr. Justice John Conway Harrison dissenting:

I must respectfully dissent to the majority's opinion in this matter. I find that the trial court properly admitted the testimony of Simms as an expert, and for that reason should have sustained the verdict of the jury in the matter.

Under the Montana Rules of Evidence, recently adopted, said rules call for the liberal use of expert testimony. As noted in the opinion, the rule involved here is Rule 702, which states:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

As noted by appellant, two issues must be considered in implementing the above rule. First, whether the subject of testimony is of such a nature that the trier of fact will be assisted by another's specialized knowledge; and second, whether the proposed expert witness is sufficiently qualified to testify.

This Court has long held that expert testimony should be admitted whenever the issue before the jury concerns a subject of such a nature that the average person cannot reach as intelligent a conclusion as one who has had experience with the subject. See, Demarais v. Johnson (1931), 90 Mont. 366, 370, 3 P.2d 283, 285. We note in the present case that the jury considered the operation of several pieces of heavy equipment operated by the students. Specifically, the operation under review involved two caterpillars, one with a ripper and a mesh screen, two scrapers, a loader, a roller, and a motor grader. Assuming that the

average person was familiar with these pieces of equipment and their individual characteristics, the operation involved in this case was further complicated by the fact that these large machines were being operated by eighteen to twenty students in an area about two-thirds the size of a football field. Due to the close confines and the involvement of students, the operating procedures were not like that of any ordinary construction site. The fact that the students were required to take weeks of classroom orientation and instruction before they were allowed to run the equipment exemplifies the nature of the operation.

In discussing the admissibility of expert testimony, the federal courts have emphasized the importance of clear understanding of facts. See, Miley v. Delta Marine Drilling Company (5th Cir. 1973), 473 F.2d 856. This case involved the proper procedure for loading cargo ships. There the court noted:

> "'It must be remembered that the court is not the judge of the quality of the evidence, nor does the witness perform the function of a juror--he can only contribute something to the jury's information and if he can, he should be permitted to do so. Especially is this true, where as here the answer to the crucial question is necessarily left to those claiming special knowledge based upon experience. . .'"
> Miley, 473 F.2d at 858, quoting Bratt v. Western Airlines (10th Cir. 1946), 155 F.2d 850, 854.

As to Simms' testimony, we note that throughout the case both attorneys relied on his testimony as an experienced heavy equipment person. They relied on his testimony (1) concerning the grade that was shot on the jobsite; (2) the view to the rear from Marty Lidel's caterpillar; (3) the general concerns of a caterpillar operator when backing up; and, (4) the change in the motor noises as a caterpillar backs up.

-6-

To understand the concerns of the caterpillar driver while backing up, and the procedure and concern of a lone student checking a grade in a congested area, it was necessary to have the kind of testimony that this witness provided so that the average person could reach an intelligent understanding as to what took place. See, McGuire v. Nelson (1975), 167 Mont. 188, 536 P.2d 768. It is for this reason that the expert testimony of the witness Simms should have been considered and admitted to assist the triers of fact to understand the evidence and to determine the fact issue before them. See, Demarais v. Johnson, supra, and McGuire v. Nelson, supra.

The second issue presented on Rule 702 is whether Simms was sufficiently qualified to testify as an expert. Turning to the Federal Rules of Evidence which have been adopted nearly in toto by the State of Montana, a proposed expert witness should not be required to satisfy an overly narrow test of his own qualifications. See Gardner v. General Motors Corporation (10th Cir. 1974), 507 F.2d 525, 528; United States v. Barker (6th Cir. 1977), 553 F.2d 1013, 1025. An expert witness may not have certificates of training or membership in professional organizations, but may qualify as an expert based upon experience alone. Tank v. C.I.R. (6th Cir. 1959), 270 F.2d 477. In Tank a superintendent of instruction and sales was allowed to testify as an expert about his appraisal of certain real estate. The Court stated:

> ". . . The absence of certificates, memberships, and the like . . . does not in and of itself detract from competency which otherwise exists." 270 F.2d at 486.

In Montana we have adopted the federal rule which allows witnesses to give expert testimony based on experience. Rule 702, Mont.R.Evid. It is well recognized in Montana that the degree of the expert's qualifications affects the weight, not the admissibility of his testimony. See, Nesbitt v. City of Butte (1945), 118 Mont. 84, 163 P.2d 251. The courts of this state have continually held that expert testimony is admissible in explaining the cause of an accident. Pachek v. Norton Concrete Co. (1972), 160 Mont. 16, 499 P.2d 766. In addition, the Montana courts have allowed experts, qualified by experience, to testify on causation. Waddell v. American Breeders Service, Inc. (1973), 161 Mont. 221, 505 P.2d 417. In Waddell the son of a rancher was allowed to testify that the cause of poor calf drop spawned by artificial insemination was a supply of bad semen. Even though the son had attended a school for inseminators, he was not a licensed inseminator, he had not read the entire manual, nor did he own a manual. Nevertheless, the court allowed the son to testify because he had inseminated a number of cows under supervision of the representative of the supplier. Thus, in Waddell the son's experience was sufficient to allow testimony as to the cause of the damage. Moreover, the court stated that the defendant supplier of semen was not deprived of a fair trial since it had an opportunity to cross-examine the witness. 505 P.2d at 422.

The facts in Waddell are similar to those in the present case. Here, witness Simms has had a long association with heavy equipment, their characteristics and dangers. Based on this experience, he was asked if he had formed an opinion as to the cause of the accident. The opposing party had an

opportunity to cross-examine, and in fact did, just as did the opposing party in Waddell.

In addition, the testimony of Simms is cumulative only. The deputy sheriff who made the official investigation testified to substantially the same thing that Simms did and came to the same conclusion.

Under the circumstances here, such cumulative evidence does not prejudice the appellant and its introduction is insufficient grounds to authorize a new trial. Pickett v. Kyger (1968), 151 Mont. 87, 96-97, 439 P.2d 57. See also, Morris v. Corcoran Pulpwood Co. (1970), 154 Mont. 468, 479, 465 P.2d 827 (dissenting opinion).

_____
                             Justice

I concur in the foregoing dissent.

_____
                        Chief Justice

-9-