MR. JUSTICE HARRISON
dissenting:
I must respectfully dissent to the majority’s opinion in this matter. I find that the trial court properly admitted the testimony of Simms as an expert, and for that reason should have sustained the verdict of the jury in the matter.
Under the Montana Rules of Evidence, recently adopted, said rules call for the liberal use of expert testimony. As noted in the opinion, the rule involved here is Rule 702, which states:
“If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.”
As noted by appellant, two issues must be considered in implementing the above rule. First, whether the subject of testimony is of such a nature that the trier of fact will be assisted by another’s specialized knowledge; and second, whether the proposed expert witness is sufficiently qualified to testify.
This Court has long held that expert testimony should be admitted whenever the issue before the jury concerns a subject of such a nature that the average person cannot reach as intelligent a con- *367 elusion as one who has had experience with the subject. See, Demarais v. Johnson (1931), 90 Mont. 366, 370, 3 P.2d 283, 285. We note in the present case that the jury considered the operation of several pieces of heavy equipment operated by the students. Specifically, the operation under review involved two caterpillars, one with a ripper and a mesh screen, two scrapers, a loader, a roller, and a motor grader. Assuming that the average person was familiar with these pieces of equipment and their individual characteristics, the operation involved in this case was further complicated by the fact that these large machines were being operated by eighteen to twenty students in an area about two-thirds the size of a football field. Due to the close confines and the involvement of students, the operating procedures were not like that of any ordinary construction site. The fact that the students were required to take weeks of classroom orientation and instruction before they were allowed to run the equipment exemplifies the nature of the operation.
In discussing the admissibility of expert testimony, the federal courts have emphasized the importance of clear understanding of facts. See, Miley v. Delta Marine Drilling Company (5th Cir. 1973), 473 F.2d 856. This case involved the proper procedure for loading cargo ships. There the court noted:
“ ‘It must be remembered that the court is not the* judge of the quality of the evidence, nor does the witness perform the function of a juror — he can only contribute something to the jury’s information and if he can, he should be permitted to do so. Especially is this true, where as here the answer to the crucial question is necessarily left to those claiming special knowledge based upon experience . .’ ” Miley, 473 F.2d at 858, quoting Bratt v. Western Airlines (10th Cir. 1946), 155 F.2d 850, 854.
As to Simms’ testimony, we note that throughout the case both attorneys relied on his testimony as an experienced heavy equipment person. They relied on his testimony (1) concerning the grade that was shot on the jobsite; (2) the view to the rear from Marty Lidel’s caterpillar; (3) the general concerns of a caterpillar *368 operator when backing up; and, (4) the change in the motor noises as a caterpillar backs up.
To understand the concerns of the caterpillar driver while backing up, and the procedure and concern of a lone student checking a grade in a congested area, it was necessary to have the kind of testimony that this witness provided so that the average person could reach an intelligent understanding as to what took place. See, McGuire v. Nelson (1975), 167 Mont. 188, 536 P.2d 768. It is for this reason that the expert testimony of the witness Simms should have been considered and admitted to assist the triers of fact to understand the evidence and to determine the fact issue before them. See, Demarais v. Johnson, supra, and McGuire v. Nelson, supra.
The second issue presented on Rule 702 is whether Simms was sufficiently qualified to testify as an expert. Turning to the Federal Rules of Evidence which have been adopted nearly in toto by the State of Montana, a proposed expert witness should not be required to satisfy an overly narrow test of his own qualifications. See Gardner v. General Motors Corporation (10th Cir. 1974), 507 F.2d 525, 528; United States v. Barker (6th Cir. 1977), 533 F.2d 1013, 1025. An expert witness may not have certificates of training or membership in professional organizations, but may qualify as an expert based upon experience alone. Tank v. C. I. R. (6th Cir. 1959), 270 F.2d 477. In Tank a superintendent of instruction and sales was allowed to testify as an expert about his appraisal of certain real estate. The Court stated;
“. . . The absence of certificates, memberships, and the like . . . does not in and of itself detract from competency which otherwise exists.” 270 F.2d at 486.
In Montana we have adopted the federal rule which allows witnesses to give expert testimony based on experience. Rule 702, Mont.R.Evid. It is well recognized in Montana that the degree of the expert’s qualifications affects the weight, not the admissibility of his testimony. See, Nesbitt v. City of Butte (1945), 118 Mont. 84, 163 P.2d 251. The courts of this state have continually held that ex *369 pert testimony is admissible in explaining the cause of an accident. Pachek v. Norton Concrete Co. (1972), 160 Mont. 16, 499 P.2d 766. In addition, the Montana courts have allowed experts, qualified by experience, to testify on causation. Waddell v. American Breeders Service, Inc. (1973), 161 Mont. 221, 505 P.2d 417. In Waddell the son of a rancher was allowed to testify that the cause of poor calf drop spawned by artificial insemination was a supply of bad semen. Even though the son had attended a school for inseminators, he was not a licensed inseminator, he had not read the entire manual, nor did he own a manual. Nevertheless, the court allowed the son to testify because he had inseminated a number of cows under supervision of the representative of the supplier. Thus, in Waddell the son’s experience was sufficient to allow testimony as to the cause of the damage. Moreover, the court stated that the defendant supplier of semen was not deprived of a fair trial since it had an opportunity to cross-examine the witness. 505 P.2d at 422.
The facts in Waddell are similar to those in the present case. Here, witness Simms has had a long association with heavy equipment, their characteristics and dangers. Based on this experience, he was asked if he had formed an opinion as to the cause of the accident. The opposing party had an opportunity to cross-examine, and in fact did, just as did the opposing party in Waddell.
In addition, the testimony of Simms is cumulative only. The deputy sheriff who made the official investigation testified to substantially the same thing that Simms did and came to the same conclusion.
Under the circumstances here, such cumulative evidence does not prejudice the appellant and its introduction is insufficient grounds to authorize a new trial. Pickett v. Kyger (1968), 151 Mont. 87, 96-97, 439 P.2d 57. See also, Morris v. Corcoran Pulpwood Co. (1970), 154 Mont. 468, 479, 465 P.2d 827 (dissenting opinion).
MR. CHIEF JUSTICE HASWELL concurs in the foregoing dissent.