**Burns MILEY, Jr., Plaintiff-Appellant,**

v.

**DELTA MARINE DRILLING COMPANY, Defendant-Appellee.**

No. 71-3067.

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1973.

As Amended on Denial of Rehearing and
Rehearing En Banc Feb. 28, 1973.

Robert S. Cooper, Jr., Baton Rouge, La., for plaintiff-appellant.

W. K. Christovich, New Orleans, La. for Delta.

Before GEWIN, COLEMAN and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge.

Burns Miley, a member of the crew of the DELTA MARINE 8, brought suit for an injury sustained while performing the task of on-loading one of the mooring chains of said vessel. After a deliberation of nine hours the jury returned a verdict in Mr. Miley's favor, finding that his injury was compensable under the provisions of the Jones Act. The jury awarded Mr. Miley $51,675, which sum was diminished by the amount of negligence attributed to Mr. Miley, to-wit: 65%.

Mr. Miley asserts numerous allegations of error in asking this court to remand for a new trial. For the reasons set forth in the following discussion, the judgment of the district court is affirmed.

The DELTA MARINE 8 was originally a Navy Landing Ship Tank (LST). After the second World War it was converted into an offshore drilling tender and is presently owned by the appellee,

Delta Marine Drilling Company. As a part of the conversion process the original bow which consisted of two clamshell doors was replaced by a pointed section containing four chain bins. The additional chains provided added stability while mooring offshore.

On June 18, 1969, the United States Coast Guard ordered the appellee to drydock the vessel for interim inspection. In order to comply it was necessary to lighten her draught so she could enter the drydock. This was accomplished by removing the anchor chains from their bins and stacking them in two piles on the bank.

At this time appellee decided to assemble a new crew to facilitate both the necessary repairs and also to remain aboard the vessel when it returned to location as a drilling tender. Mr. Miley, who once previously had been in the appellee's employ, was enticed from another position he was then holding and returned to work for the appellee as a roustabout aboard the DELTA MARINE 8.

Upon completion of the required repairs, orders were issued to have the anchor chains brought aboard ship and stored in their respective bins. The DELTA MARINE 8 was equipped with self-tiering lockers, but due to the encrusted condition of the chains additional aid was necessary to store them. In order to accomplish this on-loading procedure, Mr. Miley and another roustabout were ordered to station themselves in a chain bin to manually "tier" the chains as they were brought in. Mr. Miley suspended himself by one hand and two feet from the toe-holds in the bulkhead while using a hook held with his free hand to tug at the chain as it descended. Mr. Miley engaged a link of the chain with his hook and was exerting a vigorous tug at the very moment that the chain turned, causing the hook to disengage. This sudden movement caught Mr. Miley offguard, resulting in his falling four to six feet to the bottom of the locker.

The fall inflamed a preexisting arthritic condition for which Mr. Miley had received a 70% veteran's disability rating. The resultant incapacity of Mr. Miley is the basis of the present action.

Mr. Miley alleges that the trial court made numerous highly prejudicial remarks towards his counsel in the presence of the jury. For the sake of brevity, we need only discuss the comment which Mr. Miley asserts clearly constitutes an over-reaching of judicial propriety. Our attention is called to the following dialogue wherein Mr. Miley's counsel was questioning a witness concerning the purpose of an anchor winch:

"Mr. Cooper: What is the purpose or function of the anchor winch?

"The Court: To pull the anchor up.

"Mr. Cooper: That is what I want him to say.

"The Court: Well any five year old idiot knows that. Don't waste my time and the jury's time on that. Isn't it to pull up the anchor?"

Mr. Miley's counsel had previously covered this question with the same witness and received an emphatic reply. Mr. Miley's suggestion that reference to a five year old idiot was an obviously inferential castigation of his counsel's ability is without merit.

The judge presiding over a trial is empowered to keep a case moving within the bounds of reason. Continued questioning on matters covered in detail or on irrelevant matters may require a judicial admonition of counsel. Peckham v. Family Loan Company, 262 F.2d 422 (5th Cir., 1959), cert. den. 361 U.S. 824, 80 S.Ct. 70, 4 L.Ed.2d 68.

Counsel for Mr. Miley made no objection to these remarks at the time they were made and now places reliance on the plain-error rule as a basis for this present attack since we normally decline to review errors not presented to the trial court. Vergott v. Deseret Pharmaceutical Co., Inc., 463 F.2d 12 (5th Cir., 1972). Where a trial judge's comments were so prejudicial as to deny a

party an opportunity for a fair and impartial trial, the absence of objections will not preclude our review since counsel will be loathe to challenge the propriety of a trial judge's utterances for fear of antagonizing him and thereby prejudicing a client's case. Agee v. Lofton, 287 F.2d 709 (8th Cir., 1971). The comments made by the judge in the case at bar lack the bias or notoriety inherent in a finding of plain error. If error in such remarks existed, it must be considered harmless within the purview of Rule 61, Fed.R.Civ.P. The record and the judgment convince us that Mr. Miley was afforded a fair and impartial trial.

Appellant next contends that the trial court erred in rejecting a Mr. John Borne as an expert witness as to the proper method of loading and unloading anchor chains. The court had accepted Mr. Borne as an expert on the machinery used in moving anchor chains, but ruled that he did not qualify to testify as to the proper on-loading and off-loading procedure since he lacked experience with the particular type of vessel involved in this case.

■ The trial judge enjoys the widest possible discretion in determing whether or not a particular witness tendered as an expert is qualified as such. However, his discretion is subject to review if he applies an erroneous legal criterion in making this determination. Roth v. Bird, 239 F.2d 257 (5th Cir., 1956).

We reversed the trial court in *Roth* for excluding the expert testimony of a ship's master on the basis that he lacked experience in loading cargo aboard the particular type of vessel there involved or one exactly like it. There, the witness did state the factors in controversy were common problems with ships on which he had served.

Appellant urges that there is no distinction between *Roth* and the case at bar. We disagree. In arriving at our conclusion in *Roth* we quoted the Tenth Circuit decision, Bratt v. Western Airlines, 155 F.2d 850, 854 (1946):

"It must be remembered that the court is not the judge of the quality of the evidence, nor does the witness perform the function of a juror—he can only contribute something to the jury's information and if he can, he should be permitted to do so. Especially is this true, where as here the answer to the crucial question is necessarily left to those claiming special knowledge based upon experience. . . ."

■ In *Roth* the district court had directed a verdict for supposed insufficiency of the proof to justify jury submission on the issue of liability. In the case at bar, appellant had qualified two other experts who testified to the proper on-loading procedure. Appellant had his crucial issue answered for the benefit of the jury. While Mr. Borne may well have qualified as an expert as to on-loading practices, the exclusion of cumulative testimony was not so erroneous as to require a remand.

■ Appellant further urges that he could not be found guilty of contributory negligence as a matter of law. Specifically he alleges that since he performed these duties in the manner in which he had been ordered to perform, the issue of contributory negligence should not have been put to the jury.

While a person may be ordered to perform in a certain manner, it is plausible that he may yet perform a negligent act in carrying out his assigned duties. An order to perform a simple task may involve a multitude of divisible actions, any of which could be executed negligently whether by performing at variance with the order, or by negligently performing an independent act in discharging the assigned task.

The defendant Delta sufficiently met its affirmative burden of establishing the defense of contributory negligence to withstand the motions for directed verdict and judgment notwithstanding verdict.

We have carefully examined appellant's remaining contentions and find them to be without merit.

The judgment of the district court is affirmed.