Carl R. STILLMAN, Plaintiff-Appellant,

v.

NORFOLK & WESTERN RAILWAY COMPANY, a corporation, Defendant-Appellee.

No. 86–1105.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 11, 1986.

Decided Feb. 17, 1987.

Michael Lewis Weiner (Donald L. Rudquist, DeParcq, Perl, Hunegs, Rudquist & Koenig, Minneapolis, Minn., William N. Nexsen, Stackhouse, Rowe & Smith, Norfolk, Va., on brief), for plaintiff-appellant.

Douglas Tucker Jenkins, Norfolk, Va. (Edward L. Oast, Jr., William T. Prince, Williams, Worrell, Kelly & Greer, Norfolk, Va., on brief), for defendant-appellee.

Before WIDENER, PHILLIPS and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Plaintiff Carl Stillman appeals from the district court's denial of his motions for judgment n.o.v. or a new trial following a jury verdict in favor of the Norfolk & Western Railway Company (the "Railroad") in this action brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (1982), (the "FELA"). Stillman contends that the district court committed numerous errors that entitle him to judgment n.o.v. or, at the least, a new trial. Because we find no error in the proceedings below, we affirm the judgment of the district court.

Stillman was employed by the Railroad as an apprentice carman. His job included installing large, heavy gears in railroad cars. The gears were installed by means of a forklift. The gears were attached to a chain, which was hooked to the blades of a forklift, and the forklift was used to lift the gears and place them in the railroad cars.

On February 29, 1982, Stillman was injured while installing a gear in a railroad car. While the gear was suspended from the blades of a forklift, the forklift quit operating and would not move up or down. With the gear still suspended from the forklift, Stillman placed himself partly under the forklift blades and took hold of the chain in an attempt to free the chain from the blades. At this point, the blades fell on Stillman and injured him.

After the trial of Stillman's FELA claim, the jury returned a verdict for the Railroad, finding in response to a special interrogatory that the Railroad had not been negligent. Stillman moved for judgment n.o.v. or a new trial, but the district court denied his motions.

Stillman's primary argument is that the district court erred in refusing to grant a directed verdict or judgment n.o.v. in his favor based on application of the doctrine of res ipsa loquitur. We find this argument to be without merit.

The FELA provides that employers covered by the Act shall be liable to employees who suffer injury as the result of an employer's negligence. 45 U.S.C. § 51 (1982). As in ordinary negligence cases, the doctrine of res ipsa loquitur may be applied in FELA cases to permit an inference of negligence on the part of the employer. *See, e.g., Jesionowski v. Boston & Maine Railroad*, 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416 (1947). In order for res ipsa loquitur to be applied, three conditions must be met: (1) the injury for which the plaintiff seeks recovery must be of a kind that ordinarily does not occur in the absence of negligence; (2) the injury must

have been caused by some agency or instrumentality within the exclusive control of the defendant; and (3) the injury must not have been due to any contribution or voluntary activity on the part of the plaintiff. *See, e.g., Jesionowski,* 329 U.S. at 456, 67 S.Ct. at 403; *Ashland v. Ling-Temco-Vought, Inc.,* 711 F.2d 1431, 1437 (9th Cir.1983); *Dugas v. Kansas City Southern Railway Lines,* 473 F.2d 821, 824 (5th Cir.), *cert. denied,* 414 U.S. 823, 94 S.Ct. 124, 38 L.Ed.2d 56 (1973).

◼ Based on our review of the record in this case, we are not convinced that the doctrine of res ipsa loquitur properly could be applied to the facts giving rise to Stillman's injury. Stillman himself testified that immediately before the forklift blades fell on him, he had placed himself partially under the blades and had taken hold of the chain attached to the blades in an attempt to free the chain from the blades. Thus, Stillman's own testimony reveals that the instrumentality which injured him was not within the Railroad's exclusive control at the time of the accident; Stillman himself had at least partial control over the chain and the forklift blades at the time the blades fell on him. In the absence of exclusive control by the Railroad over the instrumentality that injured Stillman, the doctrine of res ipsa loquitur could not properly be applied to create an inference of negligence on the part of the Railroad.

◼ Moreover, even if res ipsa loquitur properly could be applied in this case, any resulting inference of negligence would not be strong enough to support a directed verdict or judgment n.o.v. in favor of Stillman. In a leading case applying the doctrine of res ipsa loquitur to a FELA claim, the Supreme Court observed that

"res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not nec-

essarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict."

*Jesionowski,* 329 U.S. at 457, 67 S.Ct. at 404 (quoting *Sweeney v. Erving,* 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815 (1913)). Thus, as the *Jesionowski* Court recognized, application of res ipsa loquitur permits, but ordinarily does not compel, an inference of negligence on the part of the defendant. A res ipsa loquitur inference of negligence can get the plaintiff to the jury, but it will not support a directed verdict or judgment n.o.v. for the plaintiff unless the inference of negligence is so clear that no reasonable man could fail to accept it, and the defendant offers no evidence to rebut the inference. *See* W. Prosser, *Handbook of the Law of Torts* § 40, at 229–30 (4th ed. 1971).

◼ In this case, any inference of negligence on the part of the Railroad that would arise from application of the doctrine of res ipsa loquitur is not so clear that no reasonable man could fail to accept it, because, as noted previously, the instrumentality that injured Stillman was not within the exclusive control of the Railroad at the time the accident occurred. Furthermore, the Railroad offered evidence that it had exercised reasonable care to rebut any inference of negligence that might have arisen. Stillman's gang supervisor J.V. Moore testified that the forklift operators check the forklift brakes and mechanisms before beginning each tour of duty. Both Moore and supervisor D.D. Collins testified that if a defect is discovered in a forklift, the forklift is taken out of service and is not returned to service until the defect is repaired. In addition, Collins testified that the forklifts are periodically lubed, oiled, and checked out.

Under these circumstances, we think that the district court correctly permitted the jury to decide this case. Contrary to Stillman's contention, the doctrine of res ipsa loquitur could not properly be applied to the facts of this case to allow the district court to overturn the jury's verdict and enter judgment n.o.v. for Stillman.

■ Stillman also argues that the district court committed prejudicial error in excluding his proffered testimony concerning a safer, alternative way to install gears in railroad cars. At trial, Stillman sought to testify that there was an alternative way to install gears in railroad cars using overhead cranes that would have been safer than the Railroad's practice of using forklifts. Before counsel for the Railroad objected, Stillman presented essentially all of the testimony on this point that was contained in his later offer of proof. The district court sustained the Railroad's objection to this testimony, noting that under the FELA, the relevant inquiry was whether the Railroad had exercised reasonable care, not whether the procedures used by the Railroad could have been made safer.

We think that the district court acted properly in sustaining the Railroad's objection to Stillman's testimony concerning a safer, alternative way to install gears in railroad cars. As the district court correctly observed, the question the jury had to decide was whether the Railroad had exercised reasonable care for the safety of Stillman, not whether the Railroad could have employed a safer method for installing gears. Thus, it was within the district court's discretion to exclude as irrelevant Stillman's testimony concerning the use of overhead cranes to install gears. In any event, Stillman introduced essentially all of the testimony concerning the alternative gear installation method that he wished to offer. In view of the fact that the district court never instructed the jury to disregard this testimony, we must conclude that any error the district court may have committed in sustaining the Railroad's objection to Stillman's proffered testimony was harmless.

■ Stillman's remaining arguments are equally without merit. Stillman contends that the district court erred in refusing to permit his counsel to present an argument to the jury concerning Congress's intent in enacting the FELA. Stillman has cited no authority to support his claim that his counsel should have been permitted to ar-

gue the intent of the FELA to the jury, and this court has found none. Our review of the record indicates that the district court adequately instructed the jury on the FELA and its applicability to this case. So long as the jury was properly instructed on the applicable law, we can see no reason why it would be either necessary or appropriate for the jury to hear an argument about Congress's intent in enacting the law. Furthermore, we perceive no prejudice to Stillman resulting from the district court's exclusion of counsel's argument concerning congressional intent.

■ Stillman also argues that the district court should have permitted his counsel to inform the jury that recovery under the FELA was Stillman's only possible remedy and that Stillman would receive no workers' compensation benefits. Stillman's theory is that because the jury may have assumed he would receive workers' compensation, it may have been reluctant to grant him recovery under the FELA.

We find this argument unpersuasive. Stillman's ineligibility for workers' compensation benefits was completely irrelevant to the issues presented in this case, and allowing the jury to consider such information could have prejudiced the Railroad. *See Weinell v. McKeesport Connecting Railroad Co.*, 411 F.2d 510, 512, (3d Cir.1969) (statement of counsel that FELA provided plaintiff's only possible means of recovery was improper). Moreover, we note that defendants in FELA cases are not permitted to inform the jury that a plaintiff has received benefits from a collateral source. *See, e.g., Eichel v. New York Central Railroad Co.*, 375 U.S. 253, 255–56, 84 S.Ct. 316, 317, 11 L.Ed.2d 307 (1963); *Schroeder v. Pennsylvania Railroad Co.,* 397 F.2d 452, 457 (7th Cir.1968). We perceive no reason for a different rule when the plaintiff in a FELA case seeks to inform the jury of the absence of benefits from a collateral source.

■ Stillman's final argument is that the district judge's questioning of four witnesses, including himself, one of his co-workers, and two physicians, unfairly prej-

udiced the jury against his case. Unfortunately, the failure of Stillman's counsel to object to any of this questioning at trial precludes our review of this issue on appeal.

Federal Rule of Evidence 614(c) provides that objections to the interrogation of witnesses by the court may be made at the time of the interrogation or at the next available opportunity when the jury is not present. One purpose of this rule is to ensure "that objections are made in apt time to afford [the trial court] the opportunity to take possible corrective measures." Fed.R.Evid. 614(c) advisory committee note. If a party fails to object to the court's interrogation of a witness at trial, his objection will not be reviewed on appeal. *See, e.g., Vergott v. Deseret Pharmaceutical Co.*, 463 F.2d 12, 17 (5th Cir. 1972); *Faudree v. Iron City Sand & Gravel Co.*, 315 F.2d 647, 651–52 (3d Cir.1963). In this case, because Stillman's counsel never objected to the district judge's questioning of witnesses during the trial, Stillman's claim that such questioning constituted prejudicial error will not be reviewed on appeal.

Stillman contends, however, that his counsel was not required to object to the district court's questioning of witnesses during the trial, because such questioning was extremely prejudicial, and counsel feared that an objection might antagonize the court and harm Stillman's case. In support of this argument, Stillman relies on *Miley v. Delta Marine Drilling Co.*, 473 F.2d 856, 857–58 (5th Cir.), *cert. denied*, 414 U.S. 871, 94 S.Ct. 93, 38 L.Ed.2d 89 (1973), in which the court stated:

> Where a trial judge's comments were so prejudicial as to deny a party an opportunity for a fair and impartial trial, the absence of objections will not preclude our review since counsel will be loathe to challenge the propriety of a trial judge's utterances for fear of antagonizing him and thereby prejudicing a client's case.

The limited exception which the *Miley* court recognized to the general rule requiring that objections to the interroga-

tion of witnesses by the court be made during the trial is unavailing to Stillman in this case. In *Miley*, the comments to which the appellant objected on appeal were as follows:

> "Mr. Cooper: What is the purpose or function of the anchor winch?
>
> "The Court: To pull the anchor up.
>
> "Mr. Cooper: That is what I want him to say.
>
> "The Court: Well any five year old idiot knows that. Don't waste my time and the jury's time on that. Isn't it to pull up the anchor?"

*Miley*, 473 F.2d at 857. The court in *Miley* held that these remarks were not sufficiently biased or notorious to permit appellate review under the plain error rule in the absence of any objection to the trial judge's comments during the trial. Without reviewing in detail the comments and questions of the district court to which Stillman objects on appeal, it suffices to say that none of the district judge's remarks even approached the level of impropriety achieved by the district court in the *Miley* case. Like the court of appeals in *Miley*, we conclude that none of the comments or questions of the district judge to which Stillman objects on appeal were sufficiently biased or notorious to permit appellate review in the absence of any objection to these remarks by Stillman's counsel during the trial.

The judgment of the district court is affirmed.

AFFIRMED.