986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph R. STUDIVANT, Jr., Plaintiff-Appellant,
v.
NATIONAL RAILROAD PASSENGER CORPORATION, Defendant-Appellee.
 No. 92-1653.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 3, 1993
Decided: March 5, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-91-910-HAR)
 Argued: Robert J. Meyers, Marvin I. Barish Law Offices, P.C., Philadelphia, Pennsylvania, for Appellant.
 Ranson J. Davis, Whiteford, Taylor & Preston; Baltimore, Maryland, for Appellee.
 On Brief: Marvin I. Barish, Marvin I. Barish Law Offices, P.C., Philadelphia, Pennsylvania, for Appellant.
 H. Russell Smouse, Nancy S. Allen, Whiteford, Taylor & Preston, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and PAYNE, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 After Joseph R. Studivant was allegedly injured by a falling hammer while he was working for defendant, commonly known as Amtrak, he brought suit against his employer under the Federal Employers' Liability Act, 45 U.S.C. § 51-60. Studivant sought over $100,000 for personal injuries, including lost wages, impairment of earning capacity, pain, and emotional distress. The district court entered summary judgment in favor of defendant Amtrak, see Fed. R. Civ. P. 56, and Studivant appeals.
 
 
 2
 Under FELA, in order to avoid summary judgment, a plaintiff must come forward with evidence that "employer negligence played [a] part, even the slightest," in producing his injury. Rogers v. Missouri P.R.R., 352 U.S. 500, 506 (1957). Following our own review of the record on appeal, we agree with the district court that in this case "no evidence has been brought forth as to the cause of the falling hammer apart from the mere fact that it fell," J.A. at 573 (emphasis added), much less evidence that the release of the hammer was attributable to the employer's negligence. Studivant provided neither supporting depositions nor affidavits. As admitted by counsel at argument, he failed even to depose the coworker who dropped the hammer.
 
 
 3
 Studivant also failed to satisfy the strictures of the doctrine of res ipsa loquitur.
 
 
 4
 As in ordinary negligence cases, the doctrine of res ipsa loquitur may be applied in FELA cases to permit an infer ence of negligence on the part of the employer. In order for res ipsa loquitur to be applied, three conditions must be met: (1) the injury for which the plaintiff seeks recovery must be of a kind that ordinarily does not occur in the absence of negligence; (2) the injury must have been caused by some agency or instrumentality within the exclusive control of the defendant; and (3) the injury must not have been due to any contribution or voluntary activity on the part of the plaintiff.
 
 
 5
 Stillman v. Norfolk & W. Ry., 811 F.2d 834, 836-37 (4th Cir. 1987) (citation omitted). The district court properly reasoned that "the mere fact that a tool slips from the hand of a user does not raise a presumption of negligence," id. at 573 (citing Combustion Eng'g Co., Inc. v. Hunsberger, 171 Md. 16, 19 (1936) ("The mere fall of a tool ... cannot be presumed to result from negligence, because it cannot be supposed that such a thing is probably the result of negligence every time it occurs.")); cf. Atlantic C.L.R.R. v. Massengill, 264 F.2d 726, 729 (4th Cir. 1959) ("[A] man swinging a sledge hammer is not to be held to the delicate precision one may expect of a watchmaker.").
 
 
 6
 Studivant also failed to demonstrate that the hammer was within the exclusive control of Amtrak. For example, in Stillman, the court determined that the instrumentality was not within exclusive control of the railroad where the plaintiff had placed himself partially under the blades that fell on him and had taken hold of a chain attached to the blades in an attempt to free it. 811 F.2d at 837. As in Stillman, here Studivant had placed himself in a position to be struck, had let go of the ladder, and looked up at the falling hammer. These facts suggest, moreover, that Studivant's injuries may have been due to voluntary activity on his part.
 
 
 7
 Even assuming Studivant adduced evidence of Amtrak's negligence sufficient to withstand summary judgment, we agree with the district court that he has not adduced sufficient evidence of "even the slightest" causal relationship between Amtrak's negligence and his alleged injury. See 45 U.S.C. § 51 (Amtrak is liable only "for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees ... or by reason of any defect or insufficiency, due to its negligence, in its ... equipment."); see also Rogers, supra. After the accident, Studivant was diagnosed as having a bruise or contusion. Though he was released from the hospital that same day, he failed to return to work for over eight months. Our review of the record compels us to agree with the district court that Studivant produced no evidence probative of a causal relationship between his bruise or contusion and an eight month absence from work.
 
 
 8
 We have considered the briefs and the arguments of the parties and find this appeal to be without merit. We therefore affirm on the reasoning of the district court. See Studivant v. National Passenger R.R., No. HAR-91-910 (D. Md. May 1, 1992).
 
 AFFIRMED