**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 94-5438

RANKING SMITH, a/k/a Rockhead,
a/k/a Rakeem, a/k/a Raking, a/k/a
Kevin Smith,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 94-5439

WILLIAM DANIELS, a/k/a Lord,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-93-130)

Argued: December 4, 1995

Decided: February 9, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ray Colton Vallery, Fayetteville, North Carolina, for Appellant Smith; James B. Craven, III, Durham, North Carolina, for Appellant Daniels. Christine Blaise Hamilton, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Janice McKenzie Cole, United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury returned verdicts of guilty against Ranking Smith and William Daniels, convicting them of conspiracy to possess with the intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C.A. § 846 (West Supp. 1995). Smith was also convicted for using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1995); murder in furtherance of a continuing criminal enterprise in violation of 21 U.S.C.A. § 848(e)(1)(A) (West Supp. 1995); aiding and abetting the murder in violation of 18 U.S.C.A. § 2 (West 1969); and four counts of distribution of cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1981). Smith and Daniels appeal their convictions, arguing that the district judge improperly questioned witnesses during the trial and that the evidence was insufficient to support their convictions. In addition, Daniels maintains that his sentence was enhanced improperly for possession of a firearm pursuant to United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1993). We affirm.

I.

A homicide investigation in Raleigh, North Carolina led to the indictment of Smith and Daniels in October 1993 for murder and

2

related drug and firearm charges. Before and during the resulting trial, death threats were received by Government witnesses and their families. A number of witnesses stated that they were reluctant to testify because they were afraid of what might happen to them. The district judge prompted these witnesses to answer questions, examining one witness at length. During the course of the trial, the district judge also prompted witnesses to clarify or explain their answers. At the close of the trial, the following instruction was given to the jury:

> You are to be the sole judge of the evidence and the facts in the case. Nothing I have said or done throughout the course of the trial should influence you with respect to your verdict. I don't have any position regarding the outcome of the case. If I asked questions or made any comments or rulings, those have simply been in order to move the case along and try to present it to you in an efficient and effective way.

J.A. 605.

Following their convictions, Smith was sentenced to life imprisonment plus 25 years and Daniels was sentenced to life imprisonment. In calculating Daniels' guideline range, the district court applied a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), having found by a preponderance of the evidence that Daniels had possessed a firearm during the commission of a drug offense.

II.

Smith and Daniels argue that the district judge abandoned his judicial role and adopted the role of a prosecutor in questioning the witnesses. During a criminal trial, a district judge "may ask questions of witnesses to bring out needed facts or clarify the presentation of issues." United States v. Seeright, 978 F.2d 842, 847 (4th Cir. 1992); see also Fed. R. Evid. 614(b). It is the responsibility of the trial judge to ensure that the facts are properly developed and understood by the jury. See Simon v. United States, 123 F.2d 80, 83 (4th Cir.), cert. denied, 314 U.S. 694 (1941). And, when confronted with witnesses who are reluctant to testify, it is often necessary for the trial judge to ask questions in order to draw information from them. See United States v. Parodi, 703 F.2d 768, 775 (4th Cir. 1983).

3

Although Smith and Daniels failed to object to the questions asked by the district judge "at the time [of the questions] or at the next available opportunity when the jury [was] not present," Fed. R. Evid. 614(c), they maintain on appeal that the questioning was "`so prejudicial as to deny [them] an opportunity for a fair and impartial trial.'" United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir.) (quoting Stillman v. Norfolk & W. Ry. Co., 811 F.2d 834, 839 (4th Cir. 1987)), cert. denied, 115 S. Ct. 102 (1994); see also Fed. R. Crim. P. 52(b). Viewing the record as a whole, we do not agree. Many of the questions were asked simply to clarify testimony that was either unclear or unintelligible. Moreover, it is undisputed that this trial was marked by tension throughout its course and that several witnesses expressed reluctance to testify because of death threats. It is apparent from the record that the district judge was attempting to encourage these witnesses to testify despite their fear. And, at the close of the trial, a cautionary instruction was given, which charged the jurors that nothing the district judge had done during the course of the trial should influence their verdicts and that any questions asked or rulings made were simply for the purpose of facilitating the presentation of the evidence. Accordingly, we conclude that the questions asked by the district judge did not unfairly prejudice Defendants. See United States v. Olano, 507 U.S. 725 (1993).

III.

Smith and Daniels contend that the evidence was insufficient to support their conspiracy convictions. Smith also argues that the evidence was insufficient to support his separate convictions. In evaluating the sufficiency of the evidence, we review the evidence in the light most favorable to the Government to determine whether "any rational trier of facts could have found the defendant[s] guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Witnesses for the Government testified that Smith murdered the victim for not satisfying a debt owed for drugs by beating and shooting him[1] and that both Defendants had been involved in

_____

[1] With respect to 18 U.S.C.A.§ 924(c), the jury was charged that "[a] firearm can be used in relation to any drug trafficking crime if the firearm was available to a defendant and was intended to be used if [a] con-

4

an extensive drug distribution network which included many individuals. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983) (determining the credibility of witnesses is a question for the jury), cert. denied, 465 U.S. 1028 (1984). In short, the evidence produced at trial clearly was sufficient to support the verdicts.

IV.

Daniels[2] contends that because the jury acquitted him of all charges in the indictment that involved using or carrying a firearm, the district court improperly enhanced his offense level by two levels for possession of a firearm during the commission of a drug offense. See U.S.S.G. § 2D1.1(b)(1). It is well settled that if an appropriate finding is made, acquitted conduct properly may serve as the basis for an enhancement under the guidelines. United States v. Romulus, 949 F.2d 713, 716-17 (4th Cir. 1991), cert. denied , 503 U.S. 992 (1992). The district court found by a preponderance of the evidence that Daniels possessed a firearm during a conspiracy to distribute cocaine and cocaine base, and this finding is not clearly erroneous.

V.

We have reviewed all of Defendants' remaining arguments and conclude that they are without merit. Accordingly, we affirm the judgments entered against Smith and Daniels.

AFFIRMED
_____

tingency arose." J.A. 600. In Bailey v. United States, 116 S. Ct. 501, 505 (1995), however, the Supreme Court rejected this standard, stating that "§ 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant." Because the jury also convicted Smith of a drug-related murder involving a handgun, we conclude that any error is harmless.

[2] Although Daniels argued in his initial brief that the district court erred in computing the quantity of drugs attributable to him, he conceded at oral argument that the Government met its burden of proof on this issue.

5