UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4632

JOHN ROBERT MUSGROVE, a/k/a
Musky,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-97-43)

Submitted: March 30, 1999

Decided: April 16, 1999

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James B. Zimarowski, Morgantown, West Virginia, for Appellant.
William D. Wilmoth, United States Attorney, Thomas O. Mucklow,
Assistant United States Attorney, Martinsburg, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Robert Musgrove appeals from his sentence entered pursuant to his guilty plea for conspiracy to possess marijuana with the intent to distribute, conspiracy to distribute marijuana, possession of marijuana with the intent to distribute, distribution of marijuana, and possession of a firearm by a convicted felon in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994); 18 U.S.C.A. §§ 922(g), 924(a)(2) (West 1994 & Supp. 1998). We affirm.

Musgrove raises three issues on appeal. First, he asserts that the district court erred in cross-examining the Government's sole witness at sentencing regarding historical drug quantities. Musgrove failed to object to this interrogation below, and review of the record convinces us that the sentencing judge's comments were not so prejudicial that they denied Musgrove an opportunity for a fair and impartial trial. See Stillman v. Norfolk & W. Ry., 811 F.2d 834, 839 (4th Cir. 1987).

Next, Musgrove contends that the district court's findings regarding drug quantities under relevant conduct are not supported by a preponderance of the evidence where they are based upon the testimony of one Government witness whose credibility Musgrove challenges. A district court's factual finding of the relevant quantity of drugs at sentencing is reviewed for clear error. See 18 U.S.C. § 3742(e) (1994); United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996); United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992). Because quantity is not a substantive element of the offense, but is merely a sentencing factor, the Government need only prove the quantity by a preponderance of the evidence. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). In calculating drug amounts, the Guidelines do not require scientific or statistical precision; rather, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to

2

support its probable accuracy. See Uwaeme, 975 F.2d at 1021 (quoting U.S. Sentencing Guidelines Manual, § 6A1.3(a), p.s. (1991)). The district court specifically addressed the issue of witness credibility, and our review of the record does not reveal that the district court clearly erred in relying on the challenged witness' testimony in determining the amount of marijuana properly attributed to Musgrove.

Finally, Musgrove asserts that the district court's failure to advise him of a possible mandatory minimum sentence either invalidates his plea or estops the Government from advocating additional drug quantities triggering the mandatory minimum sentence. Construing this as an allegation of a Fed. R. Crim. P. Rule 11 violation, we find any error to be harmless as Musgrove's attorney specifically stated during his sentencing hearing that Musgrove wished to go forward with his plea even knowing that he faced a five-year mandatory minimum sentence. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991). In light of this statement, indicating a clear understanding of the potential consequences of his plea, we find no reason to invalidate either Musgrove's plea or sentence.

Accordingly, we affirm Musgrove's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3