**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

RAOUL LAFOND, a/k/a Chris Lafond,

No. 98-4352

a/k/a Jim, a/k/a Jamaican Jim, a/k/a
Derrick Burch, a/k/a Fletcher
Busbee, a/k/a Ronald Elie, a/k/a
Ronald Ely,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.

William L. Osteen, District Judge.

(CR-96-212)

Submitted: April 13, 1999

Decided: October 13, 1999

Before ERVIN* and WILKINS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.
_____

*Judge Ervin was assigned to the panel in this case but died prior to
the time the decision was filed. The decision is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d).

**COUNSEL**

Sue A. Berry, Lumberton, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Lynne P. Klauer, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raoul Lafond appeals his jury convictions and sentence for conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.§ 924(c)(1) (1994), and several counts of money laundering, in violation of 18 U.S.C. §§ 1956, 1957 (1994). We affirm.

The evidence at trial showed that Lafond was a leader of a crack cocaine distribution ring in Winston-Salem, North Carolina. Lafond provided money for drug purchases, coordinated and made trips to New York to purchase drugs, and delivered cocaine to co-conspirators for distribution. The Government also presented extensive evidence of money laundering. The court denied Lafond's motion for a judgment of acquittal under Fed. R. Crim. P. 29 on the money laundering counts. The presentence investigation report (PSR) recommended a four-level increase in offense level for Lafond's role in the offense, and the district court overruled Lafond's objection to this increase.

On appeal, Lafond contends that the Government could not rely on testimony from Lafond's co-conspirators, who had either received

2

immunity or recommended sentence reductions in exchange for their cooperation and testimony. This argument fails. See United States v. Richardson, ___ F.3d ___, 1999 WL 686892 (4th Cir. Sept. 3, 1999) (No. 98-4139). Likewise, there was ample evidence supporting Lafond's conviction on the money laundering counts, and the court did not err in denying Lafond's Rule 29 motion. See 18 U.S.C. §§ 1956(a)(1)(B)(ii), 1957(a); Fed. R. Crim. P. 29; United States v. Aramony, 88 F.3d 1369, 1386 (4th Cir. 1996); United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992).

There is no indication that the court deprived Lafond of a fair trial. See Fed. R. Evid. 614(b); Stillman v. Norfolk & W. Ry., 811 F.2d 834, 839 (4th Cir. 1987). Finally, the court did not clearly err in its determination of the amount of drugs for which Lafond was responsible or in applying a four-level increase in Lafond's offense level for his role in the offense. See U.S. Sentencing Guidelines Manual §§ 1B1.3(a)(2), 3B1.1; United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996); United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996).

We affirm Lafond's conviction and sentence. We grant Lafond's motions to file a pro se supplemental informal brief* and a reply brief. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*The record does not conclusively show that Lafond received ineffective assistance of counsel, and although we grant Lafond leave to file a supplemental brief, we thus decline to consider this issue. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995).

3