UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                          No. 02-4890

TYSEAN SHARIF BENNETT,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-215)

Submitted: September 9, 2003

Decided: September 26, 2003

Before WIDENER, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Samuel J. Randall, IV, LAW OFFICE OF SAMUEL J. RANDALL, IV, P.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Tysean S. Bennett appeals from his conviction for aiding and abetting armed bank robbery. He argues that the district court impermissibly questioned him during his testimony, suggesting that the court thought he was incredible and, thus, depriving him of a fair trial. We affirm.

Bennett did not object to the district court's questioning during trial. A defendant must object at trial in order to preserve such an argument for appeal. Fed. R. Evid. 614(c). If the defendant fails to object, the argument is waived except in the "limited exception" where the trial court's questions were so prejudicial as to deny the defendant a fair and impartial trial. *United States v. Gastiaburo*, 16 F.3d 582, 589-90 (4th Cir. 1994); *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 839 (4th Cir. 1987) (defining the "limited exception"). The court is specifically authorized to interrogate witnesses. Fed. R. Evid. 614(b). In fact, the court has the obligation to interrupt the presentation of counsel in order to clarify misunderstandings or otherwise ensure the trial proceeds efficiently and fairly. *United States v. Cole*, 491 F.2d 1276, 1278 (4th Cir. 1974).

After reviewing the record, we find that the district court's questioning properly clarified factual issues. Moreover, even assuming certain of the court's comments were inappropriate, its remarks were not so egregious as to deny Bennett a fair trial, especially in light of the overwhelming evidence against him. *See United States v. Castner*, 50 F.3d 1267, 1272 (4th Cir. 1995) (finding district court interruptions and interrogations fulfilled its duty to clarify confused factual issues); *Gastiaburo*, 16 F.3d at 589-90 (asking the defense's sole witness whether he had ever been convicted of a felony was deemed "improvident" but not so prejudicial as to warrant a new trial); *Miley v. Delta Marine Drilling Co.*, 473 F.2d 856, 857-58 (5th Cir. 1973)

(interrupting the witness to answer questions himself and referring to the question as one that "any five-year-old idiot" could answer was also insufficiently biased or notorious to permit appellate review).

Accordingly, we affirm Bennett's conviction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*