**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1432**

PATRICK P. STAUDNER,

Plaintiff - Appellee,

v.

ROBINSON AVIATION, INC.,

Defendant - Appellant,

and

PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION,

Defendant.

**No. 20-1434**

PATRICK P. STAUDNER,

Plaintiff - Appellee,

v.

PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION,

Defendant - Appellant,

and

ROBINSON AVIATION, INC.,

Defendant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Greenville. Terrence W. Boyle, District Judge. (4:15-cv-00098-BO)

_____

Submitted: February 19, 2021                    Decided: March 23, 2021

_____

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

_____

Michael Coghlan Lord, WILLIAMS MULLEN, Raleigh, North Carolina; Lance Michael Geren, O'DONOGHUE & O'DONOGHUE, LLP, Philadelphia, Pennsylvania, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Robinson Aviation, Inc. ("RVA") and Professional Air Traffic Controllers Organization ("PATCO") (collectively, "Appellants") appeal the district court's order denying their postjudgment motions challenging the jury verdict in favor of Patrick Staudner on his claims against them under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). On appeal, Appellants assert that the district court erred in denying judgment as a matter of law or a new trial based on their various challenges to the liability and damages portions of the jury's verdict. For the reasons that follow, we affirm in part, vacate in part, and remand for a new trial on the issue of damages.

Appellants first challenge the district court's denial of their motions for judgment as a matter of law, arguing that the evidence was insufficient to support the jury's verdicts against them on the issue of liability.[1] We review de novo the district court's denial of a Fed. R. Civ. P. 50 motion for a new trial, viewing the facts and reasonable inferences in the light most favorable to the prevailing party below. *Legacy Data Access, Inc. v.*

---

[1] Appellants assert that the district court should have granted a new trial because Staudner's untimely demand for, and later abandonment of, arbitration foreclosed his § 301 claims. Because Appellants did not raise this argument in their postjudgment motions in the district court, we decline to consider it at this late juncture. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("Our "settled rule is simple: absent exceptional circumstances, we do not consider issues raised for the first time on appeal." (alterations and internal quotation marks omitted)). Insofar as Appellants argue that PATCO could not have unfairly represented Staudner during the grievance process because that process is nonmandatory and nonexclusive, we conclude this argument is likewise waived. *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 n.8 (4th Cir. 2015) (finding argument raised only in footnote of opening brief waived on appeal).

*Cadrillion, LLC*, 889 F.3d 158, 164 (4th Cir. 2018). "Entry of judgment as a matter of law is appropriate only if the evidence is legally insufficient to support the jury's verdict." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 196 (4th Cir. 2017). In considering this question, "we may not substitute our judgment for that of the jury or make credibility determinations." *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir. 1996). Instead, "[j]udgment as a matter of law is proper only if there can be but one reasonable conclusion as to the verdict." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (internal quotation marks omitted).

The parties agree that, to prevail on the merits of his § 301 claim, Staudner was required to prove both that: (1) RVA violated its collective bargaining agreement by terminating him without "just cause"; and (2) PATCO breached its duty of fair representation by failing to take his grievance to arbitration. *See Thompson v. Aluminum Co. of Am.*, 276 F.3d 651, 656 (4th Cir. 2002). "Though both claims are brought in one suit, a cause of action will only lie against an employer if the union has breached its duty of fair representation of the employee." *Id.* (internal quotation marks omitted).

With respect to the claim against PATCO, "[a] union breaches its duty of fair representation if its actions are either arbitrary, discriminatory, or in bad faith." *Groves v. Commc'n Workers of Am.*, 815 F.3d 177, 179 (4th Cir. 2016) (internal quotation marks omitted). A union's decision is "arbitrary only if it was so far outside a wide range of reasonableness, that it was wholly irrational"—that is, "without any rational basis or explanation." *Jeffreys v. Commc'ns Workers of Am., AFL-CIO*, 354 F.3d 270, 274 (4th Cir. 2003) (alteration and internal quotation marks omitted).

4

"[A] union d[oes] not necessarily breach its duty of fair representation when it refuses to take a member's grievance to arbitration." *Griffin v. Int'l Union*, 469 F.2d 181, 183 (4th Cir. 1972); *see Vaca v. Sipes*, 386 U.S. 171, 194 (1967). And, as a general rule, a union's negligence in addressing a grievance is insufficient to breach the duty of fair representation. *Carpenter v. W. Va. Flat Glass, Inc.*, 763 F.2d 622, 624 (4th Cir. 1985). However, a breach can be established by showing "that a union 'processed a grievance in a perfunctory manner.'" *Carpenter,* 763 F.2d at 624 (quoting *Vaca*, 386 U.S. at 194).

Viewing the trial record in the light most favorable to Staudner, we find sufficient evidence to support the jury's verdicts against both RVA and PATCO. RVA's liability depended principally upon a credibility contest between Staudner and his immediate supervisor, Howard Modlin. Our review of the trial transcript convinces us that the jury permissibly could have credited Staudner's testimony and determined, based on that testimony, that he was terminated without just cause. Specifically, the jury could have found that Staudner did not commit three of the four violations underlying his termination and that the fourth violation was neither substantial nor enforced against other employees.

The record likewise contains adequate evidence to support a finding that PATCO's decision not to arbitrate on Staudner's behalf was based on its perfunctory treatment of his grievance. *See Carpenter*, 763 F.2d at 624. Finally, we reject Appellants' contention that Staudner's failure to fully exercise his individual presentment rights under the collective bargaining agreement, rather than PATCO's breach of its duty of fair representation, caused Staudner's damages. *See Czosek v. O'Mara*, 397 U.S. 25, 29 (1970); *Self v. Drivers, Chauffeurs, Warehousemen & Helpers Local Union No. 61*, 620 F.2d 439, 443-44 (4th Cir.

5

1980).  We find the authorities on which Appellants rely, including *Spellacy v. Airline Pilots Association-International*, 156 F.3d 120 (2d Cir. 1998), readily distinguishable on their facts.

Turning to Appellants' challenge to the district court's denial of their motions for a new trial, we review for abuse of discretion the denial of a Fed. R. Civ. P. 59(a) motion. *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 346  (4th Cir. 2014).  "A district court abuses it discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."  *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

We will uphold a district court's denial of a new trial "save in the most exceptional circumstances."  *Minter*, 762 F.3d at 346 (internal quotation marks omitted).  "A district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 145 (4th Cir. 2017).  In considering a motion for a new trial, we may "weigh the evidence and consider the credibility of witnesses." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998).  "The crucial inquiry on review is whether an error occurred in the conduct of the trial that was so grievous as to have rendered the trial unfair."  *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 241 (4th Cir. 2016) (internal quotation marks omitted).

Initially, our thorough review of the record belies Appellants' assertion that the jury's verdict was "against the clear weight of the evidence."  *See Consol Energy*, 860 F.3d

6

at 145. We also are unpersuaded by Appellants' judicial interference claim, since Appellants did not object to the court's interventions that they now contest on appeal. If a party fails to object to the court's comments at trial, we will not review the issue on appeal, unless the comments were so egregious as to deny the party a fair trial. *See, e.g.*, *Stillman v. Norfolk & W. Ry. Co.*, 811 F.2d 834, 839 (4th Cir. 1987).

The district court's comments during Staudner's examination, though problematic, fell, if barely, within its broad discretion in developing the issues before the jury and did not convey an appearance of bias or partiality sufficient to deny Appellants a fair trial. *See United States v. Lefsih*, 867 F.3d 459, 467-68 (4th Cir. 2017). Further, any prejudice from those comments was sufficiently dispelled by the district court's curative instruction. *See United States v. Smith*, 452 F3d 323, 333-34 (4th Cir. 2006); *see also CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009) ("[J]uries are presumed to follow the court's instructions."). In short, the court's comments were not "so prejudicial as to deny a party an opportunity for a fair and impartial trial." *Stillman*, 811 F.2d at 839; *see United States v. Godwin*, 272 F.3d 659, 672 (4th Cir. 2001).

Appellants' remaining arguments challenging the jury's damages verdict in favor of Staudner, however, are well-taken. Appellants argue that the district court erroneously failed to remedy Staudner's eleventh-hour request to the jury for more than $1 million in front pay damages, either through its instructions at trial or in response to their Rule 59(a) motions. Staudner does not dispute, and the available record supports, that Staudner first sought front pay damages in his closing argument, after requesting only back pay throughout pretrial proceedings. Although the jury heard testimony relevant to front pay

7

during trial, Staudner was limited to seeking back pay, in accordance with his prior representations to the parties and the court.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii); *Uncle Henry's Inc v. Plaut Consulting Co., Inc.*, 399 F.3d 33, 49 (1st Cir. 2005).

"A district court abuses its discretion by upholding an award of damages only when the jury's verdict is against the weight of the evidence or based on evidence which is false." *Gregg v. Ham*, 678 F.3d 333, 343 (4th Cir. 2012) (internal quotation marks omitted). Viewing the jury's $600,000 verdict as one only for back pay, we conclude that the district court abused its discretion in declining to grant a new trial.

In § 301 cases under the LMRA, the court's "goal should be to ensure that the 'relief in each case [is] fashioned to make the injured employee whole.'" *Wilson v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 83 F.3d 747, 756 (6th Cir. 1996) (quoting *Int'l Brotherhood of Elec. Workers v. Foust*, 442 U.S. 42, 49 (1979)).  Here, the jury was presented with a clear back pay calculation but awarded nearly twice the amount that Staudner requested.  *See Koster v. Trans World Airlines, Inc.*, 181 F.3d 24, 34 (1st Cir. 1999) ("[T]estimony . . . as to back pay and future pay was quite specific . . . . In the face of such evidence of economic damage, we cannot say that the jury could reasonably conclude [the plaintiff] was damaged above and beyond what he said his damages were."); *Jones v. SouthPeak Interactive Corp. of Del.*, 982 F. Supp. 2d 664, 677 (E.D. Va. 2013) ("Clearly, the jury cannot award more in back pay than [the plaintiff] proved to have lost."), *aff'd*, 777 F.3d 658 (4th Cir. 2015).  Although the court provided the parties' requested instructions on damages, those instructions were not sufficiently clear, viewed in the context of Staudner's closing argument, to cure the prejudice caused

8

by his unexpected request for front pay. As the extent of the jury's award was unsupported by any evidence relevant to back pay, we conclude the award was excessive.

If we determine that a verdict is excessive, "it is [our] duty to require a remittitur or a new trial." *Cline*, 144 F.3d at 305 (internal quotation marks omitted). Because we conclude that it is "not possible to determine what portion of the verdict was intended to compensate" back pay, remittitur is not appropriate in this case. *See Knussman v. Maryland*, 272 F.3d 625, 642 (4th Cir. 2001). However, we conclude that relitigation of issues of liability is unwarranted, as "there is no *substantial* indication that the liability and damage issues are inextricably interwoven," and we cannot say that "the verdict could *only* have been a sympathy or compromise verdict." *Spell v. McDaniel*, 824 F.2d 1380, 1400 (4th Cir. 1987) (internal quotation marks omitted); *see Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 599 (4th Cir. 1996).

Accordingly, we affirm the district court's judgment in part as to the issue of liability, vacate the district court's judgment in part as to the issue of damages, and remand for a new trial on damages consistent with this opinion.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART*
*AND REMANDED*

---

[2] In so doing, we decline to establish a specific cap on the jury's permissible damages calculation or to direct a particular allocation of damages between RVA and PATCO, leaving any resolution of those issues to the proceedings on remand.